IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| IN THE MATTER OF THE ) | |
| EXTRADITION OF: ) | JUDGE KNOWLES |
| ) | CASE NO. 3:13-mj-2042 |
| AVELINO CRUZ MARTINEZ ) | |

## ORDER

The Court held a Status Conference in this action on August 19, 2013. At that Status Conference, the parties discussed with the Court the fact that, as of August 20, 2013, Mr. Cruz would have been in custody pursuant to his provisional arrest for sixty (60) days. That fact is significant because Article 11(3) of the Treaty that underlies Mexico's request for the extradition of Mr. Cruz provides in relevant part:

> 3. – Provisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person claimed, the executive authority of the requested Party has not received the formal request for extradition *and the documents mentioned in Article 10*.

T.I.A.S. No. 9656, 31 U.S.T. 5059, 1980 WL 309106 (emphasis added).

On August 20, 2013, the Government submitted a "Notice of Filing" (Docket No. 42) and an accompanying letter dated August 20, 2013 (Docket No. 42-1), from Julie B. Martin to Mary E. Warlow. The text of the Notice of Filing states in full as follows:

> The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits the following letter of compliance to the Court confirming that the United States Department of State has received from the Government of Mexico *its formal request* for the extradition of Avelino Cruz Martinez in accordance with Article 11(3) of the United States-Mexico Extradition Treaty.

(Emphasis added.)

The text of the letter states in full as follows:

> On August 20, 2013, the Department of State received from the Government of Mexico the formal extradition request for the extradition of Avelino Cruz Martinez, who is wanted to stand trial in Mexico for aggravated homicide with undue advantage. The Government of Mexico filed its request within the timeframe required by Article 11(3) of the U.S.-Mexico Extradition Treaty.
>
> Please be assured that we are reviewing the formal extradition documents and will submit them to you as soon as possible.

Ms. Martin's letter, however, does not establish that the Department of State received *all* the necessary material from the Government of Mexico within the time frame required by Article 11(3). Ms. Martin's letter establishes only that the Government of Mexico filed "its [formal extradition] request" within the time frame required. Ms. Martin's letter does not address whether the United States ("The requested Party") received "the documents mentioned in Article 10" on or before August 20, 2013. If the United States did not also receive the documents mentioned in Article 10 on or before August 20, 2013, the plain language of the Treaty requires that Mr. Cruz's "[p]rovisional arrest . . . be terminated . . . ."

Ms. Martin's letter does refer to the fact that the Department of State is "reviewing the formal extradition documents . . . ." While that term may refer to the documents mentioned in Article 10, it is not clear to the Court that it does.

Therefore, on or before August 22, 2013, at 5:00 p.m. CDT, the Government shall file a Response to the instant Order establishing that the United States received "the documents mentioned in Article 10" on or before August 20, 2013. If the United States fails to do so, the provisional arrest of Mr. Cruz will be terminated, and he will be released from custody.

IT IS SO ORDERED.

                                                           E. Clifton Knowles
                                                           United States Magistrate Judge