IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| EXTRADITION OF: ) | |
| ) | CASE NO. 3:13-MJ-2042 |
| ) | JUDGE KNOWLES |
| AVELINO CRUZ MARTINEZ ) | |

### ORDER

This matter is before the Court upon three filings made by Mr. Cruz: (1) a "Motion to Dismiss Complaint and, In the Alternative to Order Discovery" (Docket No. 17); (2) a "Supplemental Motion to Dismiss Complaint and Vacate Warrant" (Docket No. 25); and (3) a "Supplemental Motion to Dismiss and Motion for Discovery" (Docket No. 49).

The three Motions to Dismiss focus upon an argument that the provisional arrest warrant issued in this case should be vacated because the Government has not made a showing of "urgency," as required by the Treaty that underlies this action.

After the filing of the first two Motions, the Government filed an "Extradition Packet" with Exhibits, requesting the extradition of Mr. Cruz. Docket No. 46, 46-1 to -15. After the filing of the Extradition Packet, Mr. Cruz is no longer being held on the provisional warrant. *See In re Extradition of Tang Yee-Chun,* 674 F.2d 1058, 1078 (S.D.N.Y. 1987) ("the [requesting country's] formal request . . . made the legality of the provisional arrest moot."). For these reasons, the first two Motions to Dismiss (Docket Nos. 17, 25) are moot.

Even assuming the first two Motions to Dismiss are not moot, the arguments Mr. Cruz made in those Motions and in the third Motion are "based on the absence of a bona fide urgency that would justify his seizure." Docket No. 49, p. 4. Mr. Cruz made a similar argument in his

attempt to be released on bail.  Docket No. 1, p. 10, Case No. 3:13-638.  The Court addressed that argument in a Detention Order entered July 26, 2013.  Docket No. 33, p. 10-11.  In that Order, the Court noted that a letter from the Mexican Ambassador to the U.S. Secretary of State dated May 21, 2012, discussed the "urgency to present the request . . . ." *Id.*, p. 2.  As the Court further noted, a Sixth Circuit case has previously held that a 14 year delay between the issuance of a foreign Government's arrest warrant and that Government's formal request for his extradition did not invalidate the extradition proceedings.  *In re Extradition of Drayer,* 190 F.3d 410 (6th Cir. 1999).  The *Drayer* Court also noted that the Eleventh Circuit had upheld the extradition of a petitioner, who was a United States citizen, to Canada despite the fact that a 17 year delay separated his alleged crime from his extradition.  *Id.*, *citing Martin v. Warden*, 993 F.2d 824 (11th Cir. 1993).  This Court also discussed *United States v. Messina*, 566 F. Supp. 740 (E.D.N.Y. 1983), which provides that deference is due the determination of the foreign Government with regard to urgency.  Docket No. 33, p. 11.

Furthermore, Mr. Cruz has cited no specific authority for the proposition that a lack of urgency, even if shown, is grounds for a dismissal of either the provisional warrant or the extradition proceeding.  At least two Courts of Appeals have declined to require the Government to prove urgency as a condition for provisional arrest or detention.  *In re Russell,* 805 F.2d 1215, 1218 (5th Cir. 1986); *United States v. Leitner*, 784 F.2d 159, 161 (2nd Cir. 1986).

Mr. Cruz's first Motion (Docket No. 17) contained an alternative request that the Court order discovery.  The Court granted that relief, citing *In re Extradition of Drayer*, *supra* at 415, and ordered the Government to:

> produce any exculpatory materials in its possession that would undercut a finding that there is probable cause to believe that Mr. Cruz committed the crime with which Mexico has charged him.

Docket No. 29, p. 1.

Despite the fact that the Court had granted Mr. Cruz the specific relief he sought with regard to discovery, he subsequently filed a "Motion for Clarification of Discovery Order" (Docket No. 32), which the Court denied (Docket No. 39). The last of the instant Motions to Dismiss also includes a "Motion for Discovery" (Docket No. 49).

The instant Motion for Discovery contains a heading, "Cruz Moves for the Disclosure of Exculpatory Materials." Docket No. 49, p. 1. He states in part that he, "believes that the record reflects a strong likelihood that the government possesses information that would undercut a finding of probable cause against him." He specifically "renews his request for immigration documents pertaining to" one of the eye witnesses to the alleged murder with which Mr. Cruz is charged. *Id.*, p. 5.

As discussed above, the Court previously granted Mr. Cruz's initial Motion for Discovery, and ordered the Government to produce exculpatory materials. Docket No. 29. Mr. Cruz apparently is not satisfied with that ruling, but his arguments are based upon speculations and presumptions, and alleged documents that "*may* adversely affect" the witness's credibility. Mr. Cruz makes these arguments despite the fact that the Government has previously stated, both orally and in writing, that it does not possess any exculpatory evidence (Docket No. 39, p. 2-3).

Finally, as the Government argues, Mr. Cruz cannot obtain discovery merely by labeling the information he seeks as "exculpatory." The Court's inquiry in an extradition case is limited. As one Court has stated, in connection with discovery requests in extradition proceedings:

3

> An extradition proceeding is not a trial; the relevant determination is confined to whether a prima facie case of guilt exists that is sufficient to make it proper to hold the extraditee for trial . . . [A] judge should consider that "extradition proceedings are not to be converted into a dress rehearsal for a trial" and "whether the resolution of the contested issue would be appreciably advanced by the requested discovery."

*Emami v. United States District Court*, 834 F.2d 1444, 1452 (9th Cir. 1987) (citations omitted).

As another Court has stated, an extraditee:

> is entitled to offer evidence at the extradition hearing that explains, but does not contradict, the evidence offered by the government. The court's duty is to determine whether the evidence offered for extradition establishes probable cause, not whether such evidence is subject to a defense or is not credible when compared with that opposed to it. Such issues are left to the trial on the merits and the jurisdiction of the requesting party.[1]

*In the Matter of the Extradition of Avi Atias*, 916 F. Supp. 2d 915, 930 (E.D. Mo. 2012) (footnote added). *See also Eain v. Wilkes,* 641 F.2d 504, 511 (7th Cir. 1981), *citing Shapiro v. Ferrandina,* 478 F.2d 894, 905 (2nd Cir. 1973).

For the foregoing reasons, Mr. Cruz's "Motion to Dismiss Complaint" (Docket No. 17), his "Supplemental Motion to Dismiss Complaint and Vacate Warrant" (Docket No. 25), and his "Supplemental Motion to Dismiss and Motion for Discovery" (Docket No. 49) are DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

[1] The Court notes that there were two witnesses to the alleged murder with which Mr. Cruz is charged. If Mr. Cruz wishes to challenge the credibility of the witnesses against him, he can certainly do so in the Mexican courts following his extradition.