IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION | ) | |
| | ) | Case No. 3:13-mj-2042 |
| OF AVELINO CRUZ MARTINEZ | ) | Magistrate Judge Knowles |

## ORDER

This matter is before the Court upon Mr. Cruz Martinez's "Motion to Deny Certification for Extradition." Docket No. 53. The Motion was filed prior to the Extradition Hearing that was held on December 13, 2013. The Government has filed a Response in Opposition to the Motion (Docket No. 58) and a "Notice of Filing of Authority" (Docket No. 60). Mr. Cruz Martinez has filed a Reply to the Government's Response. Docket No. 59.

Most of Mr. Cruz Martinez's Motion appears to be "Background" information which may tell an interesting story, but which has little or nothing to do with the grounds for the Motion. The sole argument made in the Motion is that Article 7 of the Treaty at issue bars Mr. Cruz Martinez's extradition "due to the excessive 'lapse of time.'" Docket No. 53. Article 7 of the Treaty provides: "Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by the lapse of time according to the laws of the requesting or requested Party."

Mr. Cruz Martinez contends that two "laws" of the United States (the requested Party) independently bar his prosecution: "(1) the statutory statute of limitations, and (2) the constitutional guarantees to a speedy trial and to due process." Docket No. 53, p. 9.

Mr. Cruz Martinez first argues that the offense for which Mexico seeks to extradite him is most analogous to the offense of second-degree murder under U.S. law. Docket No. 53. He

continues that the statute of limitations in this extradition context should be that provided by federal law, rather than that provided by any individual state. *Id.* The statute of limitations for second degree murder, according to Mr. Cruz Martinez, is five years. *Id.*, p. 11 *citing* 18 U.S.C. § 3282. The murders with which Mr. Cruz Martinez is charged were committed on December 31, 2005. Thus, according to Mr. Cruz Martinez, the five-year statute of limitations has run.

The Government argues that the most closely analogous crime under federal law is not second-degree murder, but first-degree murder, for which there is no applicable statute of limitations. Docket No. 58. The statute of limitations for "Capital offenses" is set forth in 18 U.S.C. §3281 as follows: "An indictment for any offense punishable by death may be found at any time without limitation." The statute of limitations for "Offenses not capital" is set forth in 18 U.S.C. §3282(a) as follows:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

The Government further argues that even if the five-year limitations period did apply, the statute would be tolled in two separate ways: (1) the filing of the arrest warrant in Mexico in 2006 tolled the statute; and (2) the statute was tolled by 18 U.S.C. §3290, because Mr. Cruz Martinez was a fugitive from justice. *Id.*

The Government agrees that federal law is used to evaluate compliance with a "lapse of time" provision in an extradition treaty. *Theron v. U.S. Marshal*, 832 F.2d 492, 498 (9th Cir. 1987). In determining the applicable statute of limitations, courts look to the substantive offense under United States law which is most closely analogous to the charged offenses. *Sainez v.*

2

*Venables*, 588 F.3d 713, 716 (9th Cir. 2000). In making this inquiry, courts focus on "the nature of [the extraditee's] conduct," and not on the specific "Mexican statute being applied to that conduct." *Clarey v. Gregg*, 138 F.3d 764, 766-67 (9th Cir. 1998). *See In Re Extradition of Azra Basic*, 2011 WL 5326140 at *6 (E.D. KY)(holding that no limitations period applied because the alleged offense conduct included premeditated murder, which "would support a charge for murder in the first degree under United States law," even though the extraditee had not been charged with murder abroad). When he was a judge on the Ninth Circuit, now-Justice Kennedy wrote, "at least for purposes of international extradition from the United States, murder is a capital offense falling under 18 U.S.C. §3281, rather than 18 U.S.C. §3282." *In Re Kraiselburd*, 786 F.2d 1395, 1398 (9th Cir. 1986).

There is abundant evidence to show that the acts of Mr. Cruz Martinez in killing Samuel Francisco Solano Cruz and Antolin Cruz Reyes were premeditated. The Court will not recount the whole of that evidence, but the Extradition Packet states in relevant part:

> The eyewitnesses gave accurate accounts of the criminal offense stating that when Avelino Cruz Martinez realized that Samuel Francisco Solano Cruz was present in the place of occurrence, he stood from the grandstand where he was sat, got on board his truck and parked it in a different place for easier getaway; consequently, it may be established that from the moment Avelino Cruz Martinez saw one of his victims, he prepared everything to perpetrate the criminal offense, which allows us to conclude he did so in cold blood.

Docket No. 46-1, p. 16.

Therefore, if Mr. Cruz Martinez had committed the offenses in the United States, he would be liable for first-degree murder. *See, e.g., United States v. Garcia-Meza*, 403 F.3d 364, 371 (6th Cir. 2005); *United States v. Begay*, 567 F.3d 540, 546 (9th Cir. 2009). As the

Government argues, the main case relied upon by Mr. Cruz Martinez is distinguishable. *See In Re Extradition of Ramos-Herrera*, 268 F.Supp.2d 688 (W.D. TX 2003). In *Herrera*, the extraditee was charged with simple homicide, not aggravated murder. It did not appear that there were any allegations or evidence of premeditation. In line with the facts of that case, the court could appropriately conclude that second-degree murder was the most closely analogous federal offense.

In his Reply, Plaintiff argues that a number of the Ninth Circuit cases cited by the Government are based on "the inaccurate proposition that the United States does not 'impose[] a statute of limitations on murder charges. . . .'" Docket No. 59, p. 4 *citing Quinn v. Robinson*, 783 F.2d 776, 816 (9th Cir. 1986). The Court does not understand Mr. Cruz Martinez's argument here. While the *Quinn* Court did state that the United States does not impose a statute of limitations on murder charges, it seems quite clear that the court was speaking of first-degree murder. In the very next sentence, the *Quinn* Court cites 18 U.S.C. §3282, so it is difficult to believe the *Quinn* Court was mistaken.

Mr. Cruz Martinez argues that the inaccurate proposition set forth in *Quinn* prompted the Ninth Circuit's analysis in *In Re Kraiselburd*, 786 F.2d 1395 (9th Cir. 1986), which "does not address Mexican law, the treaty at hand, or Cruz's argument." *Kraiselburd*, however, also recognized the distinction between 18 U.S.C. §3181 and §3282. The *Kraiselburd* Court stated, "Necessary therefore to our holding in *Quinn* was the conclusion that at least for purposes of international extradition from the United States, murder is a capital offense falling under 18 U.S.C. §3181, rather than 18 U.S.C. §3282." 786 F.2d at 1398.

Mr. Cruz Martinez next argues that *Clarey v. Gregg*, 138 F.3d 764, (9th Cir. 1998) "is

misguided, is not controlling, and is not persuasive because it does not address Cruz's arguments." Docket No. 59, p. 4. Admittedly, *Clarey* is not controlling. *Clarey*, however, does not cite *Quinn* or *Kraiselburd*. The Court also notes that *Quinn*, *Kraiselburd*, and *Clarey* were all Habeas Corpus cases, and the courts in those cases ruled that all three of the extraditees were subject to extradition.

The Court further agrees with the Government's argument that, even if the five-year limitations period of 18 U.S.C. §3282 applied, the charges would not be time-barred. First, the Mexican arrest warrant against Mr. Cruz Martinez was issued February 23, 2006. Docket No. 46-1, p. 8-9. The running of a federal statute of limitations ordinarily is tolled by the issuance of an indictment or a similar charging document, and, "for the purpose of a civil proceeding such as an extradition, a Mexican arrest warrant is the equivalent of a United States indictment and may toll the United States statute of limitations." *Sainez, supra,* 588 F.3d at 717, *citing Jhirad v. Ferrandina,* 536 F.2d 478, 480 (2nd Cir. 1976). Mr. Cruz Martinez notes that at least one court of appeals has declined to accept the proposition that a Mexican arrest warrant tolls a statute of limitations. Docket No. 59, p. 6 *citing In Re Assarsson,* 687 F.2d 1157, 1161 n.8 (8th Cir. 1992). It is not entirely clear that the *Assarsson* Court "declined" to accept this proposition. In fact, the *Assarsson* Court did not consider that proposition stating, "Because we affirm the district court's finding that appellant's departure from Sweden tolled the running of the statute of limitations, we express no opinion as to the merits of this argument." *Id.*

Second, any applicable statute of limitations was also tolled by 18 U.S.C. §3290, which provides, "No statute of limitations shall extend to any person fleeing from justice." That statute applies if the Government proves "by a preponderance of the evidence that [the defendant or

5

extraditee] concealed himself with the intent of avoiding prosecution." *United States v. Greever*, 134 F.3d 777, 781 (6th Cir. 1998). It is sufficient to show that the defendant or extraditee knew that he was wanted by authorities and subsequently failed to submit to an arrest. *Id.* at 780. There need be no actual prosecution at the time of the flight; an intent to avoid an anticipated arrest or prosecution is sufficient to toll the statute. *United States v. Ballesteros-Cordova*, 586 F.2d 1321, 1323 (9th Cir. 1978); *Ross v. Marshal for E. Dist. Of Okla.*, 168 F.3d 1190, 1194 (10th Cir. 1999).

There is significant evidence that Mr. Cruz Martinez must have known that he would be charged with these offenses. In one of his own filings, Mr. Cruz Martinez describes a civil settlement between the family of one of the victims, Samuel Francisco Solano Cruz, and the family of Mr. Cruz Martinez, on January 12, 2006. Docket No. 52-1. Mr. Cruz Martinez's wife paid the widow of the victim 50,000 pesos. *Id.* The signed agreement described Mr. Cruz Martinez as the "perpetrator" of the "unfortunate act." *Id.*, p. 10. In view of the foregoing, it is virtually impossible to believe that Mr. Cruz Martinez did not know that he would be charged with the murders.

Additionally, the fact that he was living openly and lawfully in the United States does not mean that he was not a fugitive from justice in Mexico. *Man-Seok Choe v. Torres*, 525 F.3d 733, 741 (9th Cir. 2008). *See also United States v. Fowlie*, 24 F.3d 1070, 1072 (9th Cir. 1994)(finding that an extraditee had "take[n] affirmative steps to avoid arrest and prosecution by changing his residence in Mexico and moving his business there," and therefore was a fugitive for purposes of §3290, even though he had moved to a small community and had not gone "out of his way to conceal his presence there").

Mr. Cruz Martinez next argues that Article 7 prohibits his extradition because the prosecution or enforcement of the penalty of the offense for which extradition has been sought is barred by lapse of time according to other laws of the requested Party (*i.e.*, the United States). Docket No. 53. Mr. Cruz Martinez makes a two-pronged argument. First, Mr. Cruz Martinez argues that his prosecution under the laws of the requested Party has become barred by the lapse of time because his constitutional right to a speedy trial has been violated. *Id.* But Mr. Cruz Martinez acknowledges that the right to a speedy trial does not apply "directly to him or to extradition proceedings." *Id.*, p. 13. Furthermore, the Sixth Amendment and its guarantee of a speedy trial do not apply to extradition hearings because they are not "criminal prosecutions" within the meaning of the Amendment. *Sabatiar v. Dabrowski*, 586 F.2d 866, 869 (1st Cir. 1978).

Moreover, a number of courts have rejected the argument that the lapse of time provision of Article 7 of the Treaty at issue in this matter incorporates the Sixth Amendment's right to a speedy trial. *See, e.g., In Re Extradition of Gonzalez*, 2011 WL 5190047 at *2-3 (N.D. Cal.); *In Re Extradition of Florez-Ortiz*, 2011 WL 3441618 at *6 (S.D. Cal.); *In Re Extradition of Salazar*, 2010 WL 2925444 at *6-7 (S.D. Cal.); *United States v. Garfias*, 2009 WL 2580641 at *3 (N.D. Cal.).

Finally, Mr. Cruz Martinez makes a one-sentence argument that his due process rights have been violated. Docket No. 53. He states:

> In the alternative, were the Court to analyze this as a case of pre-indictment delay in the domestic context, then Cruz would be entitled to relief under the Due Process Clause because Cruz has been prejudiced by the Government's negligent delay, *United States v. Copley*, 774 F.2d 728, 730 n. 2 (6th Cir. 1985), and for that

7

reason Article 7 of the Treaty bars his extradition.

Docket No. 53, p. 17-18. With all due respect, the Court will decline to analyze this as a case of "pre-indictment delay in the domestic context," because it is not such a case. As the Government correctly argues, courts have repeatedly held that "the [U.S.] Constitution does not of its own force impose on foreign governments the obligation to act speedily in seeking extradition of a fugitive from the United States." *In Re Kraiselburd*, 786 F.2d 1395, 1396 (9th Cir. 1986)(no constitutional or treaty violations simply because extradition was requested five years after offense occurred); *In Re Drayer*, 190 F.3d 410, 415 (6th Cir. 1999)(fourteen-year delay between crime and extradition did not violate due process); *Martin v. Warden*, 993 F.2d 824-825 (11th Cir. 1993)(seventeen-year delay in bringing extradition request did not bar extradition; neither treaty nor due process afforded right to speedy extradition); *In Re Burt*, 737 F.2d 1477, 1482, 1486-87 (7th Cir. 1984)(no violation of due process to extradite fugitive even though extradition request was made sixteen years after commission of crime).

For the foregoing reasons, Mr. Cruz Martinez's "Motion to Deny Certification for Extradition" (Docket No. 53) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge